824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bobby HAYNIE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3011.
 United States Court of Appeals, Federal Circuit.
 April 20, 1987.
 
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), upholding petitioner's removal from his position with respondent, are affirmed.
 
 OPINION
 
 2
 Petitioner, a preference eligible employee of respondent Postal Service who had served one year of current continuous service in the same position, was removed by his agency on charges of absence without leave (AWOL) on five occasions in October 1981--January 1982. He appealed to the MSPB and the presiding official sustained three of the five charged AWOLs and also upheld the sanction of removal. The full Board declined review. This appeal followed.[1]
 
 
 3
 Petitioner challenges the evidentiary support for the Board's findings that he was AWOL on November 28, 1981 and January 18, 1982. In each instance, the presiding official's determination rested on conflicting testimony which the presiding official had to appraise and balance, and as to which the official had to make credibility evaluations. With respect to November 28th, the presiding official believed management testimony that petitioner had not been granted leave or told that he could "make up" the absence; Haynie's contrary evidence was disbelieved. Similarly, with respect to January 18th, there was conflicting testimony and the presiding official credited management's side and disbelieved petitioner's testimony. It is settled, of course, that such credibility determinations are normally for the trier of the facts to make (see, e.g., Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986)--and in this instance there are no exceptional circumstances warranting an overturn of those evaluations.[2]
 
 
 4
 Mr. Haynie also attacks his removal on the ground that it was in reprisal for his prior litigation of adverse actions against him. Here, again, the presiding official made credibility determinations--believing supervisor Brady's denials of such motivation. That belief is supported by substantial evidence and is therefore now beyond successful challenge by us. The same is true of the separate contention that management failed properly to review petitioner's restricted leave letter. Brady testified that he did review the letter on a regular basis--and was believed.
 
 
 5
 Finally, we hold that, though the three sustained AWOLs were each quite short, the agency and the Board did not abuse their discretion in imposing the penalty of removal. Petitioner had a considerable prior history of discipline--five such actions over a two-year period, four of which were for AWOL. In the year prior to the events of the current case, he had suffered a 90-day suspension for AWOL. He had also been warned that his attendance deficiencies could lead to his removal. That recent background is enough to show that removal could be the sanction for the three short AWOLs here (the AWOL for January 31, 1982 not even having been contested in this court). We have no doubt, too, that such continuous AWOLs have a nexus to the efficiency of the service, and that removal of an employee who follows those practices will promote the efficiency of the employing agency.
 
 
 
 [1]
 Mr. Haynie first sought review in the District Court for the Northern District of Texas (claiming discrimination). On petitioner's motion, the District Court dismissed all race and handicap discrimination claims, and then transferred the remainder of the case to this court
 
 
 [2]
 There is no reason to believe that the presiding official, who wrote a careful and comprehensive decision, failed to consider the testimony of Chovanec and Lopez